JOHN CRANE, Administrator, *vs.* SENECA LINCOLN.

The allowance of an amendment of a declaration in tort, by adding a count in contract, is no ground for setting aside a general verdict for the plaintiff, rendered under such instructions of the court that the jury must have found a state of facts which would support either count.

ACTION OF TORT for the conversion of eight promissory notes, signed by the defendant, and payable to John Eddy, the plaintiff's intestate. Trial before *Merrick*, J. who made the following report thereof:

Before the trial, the plaintiff moved for leave to amend, by adding a count in contract for money had and received, and alleging that both counts were for one and the same cause of action. The defendant objected, but the judge allowed the amendment.

At the trial, the defendant admitted that the plaintiff's intestate held and owned the notes, which were all then due and payable; and that shortly before his death the defendant obtained possession of them. The defendant contended that they were given to him by the intestate. The plaintiff produced evidence tending to show that the defendant obtained possession of the notes tortiously, kept them until after the intestate's death, refused to deliver them to the plaintiff on demand, and afterwards cancelled and destroyed them.

The judge instructed the jury that if the defendant did so obtain and keep possession of the notes, and refuse to deliver them to the plaintiff, on demand, and cancelled and destroyed them, the plaintiff was entitled to recover their value in this action ; and that as the plaintiff, under such circumstances, might have recovered the value of the notes in an action of tort, or the contents thereof in an action of contract for money had and received, the jury, if they found for the plaintiff, might return a general verdict, and the court would make the proper application of it. The jury returned a verdict for the plaintiff.

*B. Sanford,* (*N. Morton* with him,) for the defendant.

*C. I. Reed,* (*J. H. Clifford* with him,) for the plaintiff.

34 *

MERRICK, J.   The jury have found by their verdict, under the special instructions of the court, that the defendant, in the lifetime of the intestate, tortiously obtained possession of the notes, and kept possession of them, and refused to deliver them to the administrator on demand, but cancelled and destroyed them.

No question is made, in behalf of the defendant, concerning the further instructions of the court, that, under such circumstances, the plaintiff might recover the value of the notes in an action of tort, or the contents of them in an action of contract. They were obviously correct.   The debt had never been discharged, and therefore its payment might be insisted on.   Or, looking at the transaction in another aspect, the defendant had tortiously possessed himself of the property of the plaintiff, and converted it to his own use, and was therefore liable in an action of tort, in the nature of trover, for its value.

But the defendant insists that, under the provisions of the practice act, (*St.* 1852, *c.* 312, § 32,) it was not competent for the court to allow the amendment; although the plaintiff, when commencing his action, was authorized by the statute, if he was doubtful to which class of actions his cause of action belonged, to insert in his writ both a count in contract and a count in tort. *St.* 1852, *c.* 312, § 2, *cl.* 5.

Without further consideration of this objection, it is sufficient to say, that the amendment allowed turned out in the end to have been wholly immaterial; that, upon the finding of the jury, the defendant could not have been, in the least degree, affected by it; and therefore that its allowance affords no reason for disturbing the verdict.　　　　　*Judgment on the verdict.*